IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**DUSTIN RYAN ROADCAP,**

    **Plaintiff,**

vs.                                                                                                                  Civ. No. 21-621 JFR

**KILOLO KIJAKAZI,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER[1]

**THIS MATTER** is before the Court on the Social Security Administrative Record (Doc. 16)[2] filed October 18, 2021, in connection with Plaintiff Dustin Ryan Roadcap's *Motion to Reverse and Remand, with Supporting Memorandum* ("Motion"), filed December 17, 2021. Doc. 19. The Social Security Commissioner filed a response in opposition on March 9, 2022. Doc. 23. Plaintiff filed a reply on March 31, 2022. Doc. 24. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g), 1383(c). Having meticulously reviewed the entire record and the applicable law, and being otherwise fully advised in the premises, the Court finds that Plaintiff's Motion is well-taken. Therefore, the decision of the ALJ is **REVERSED**, and the case **REMANDED** for further proceedings.

### I.  BACKGROUND

In March 12, 2019, Plaintiff filed an application for Supplemental Security Income ("SSI") pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. § 1381 *et seq.*

---

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties consented to the undersigned to conduct any or all proceedings, and to enter an order of judgment in this case. Docs. 3, 8, 12.

[2] Hereinafter, the Court's citations to the Social Security Administrative Record (Doc. 16), which is before the Court as a transcript of the administrative proceedings, are designated as "Tr."

Tr. 161.  He alleged he became disabled on September 1, 2018, as anxiety, bipolar disorder, depression, and posttraumatic stress disorder ("PTSD") limited his ability to work.  Tr. 69-70, 189.  Plaintiff completed high school in 2009.  Tr. 190.  Plaintiff stopped working on August 31, 2018, but had previously held jobs as a performing arts instructor, restaurant host, and restaurant server.  Tr. 190.

Plaintiff's application for SSI was denied on June 6, 2019.  Tr. 91.  It was again denied at reconsideration on October 17, 2019.  Tr. 98.  On November 26, 2019, Plaintiff filed a request for hearing before an Administrative Law Judge ("ALJ").  Tr. 105.  The hearing was conducted telephonically[3] on October 22, 2020, before ALJ Lillian Richter.  Tr. 15, 24.  Plaintiff was represented by Attorney Feliz M. Martone at the hearing,[4] during which the ALJ took testimony from Plaintiff and Vocational Expert ("VE") Nicole B. King.  Tr. 15, 29-30.  On February 3, 2021, the ALJ issued an unfavorable decision.  Tr. 12.  The Appeals Council denied Plaintiff's request for review on May 17, 2021, rendering the ALJ's decision the final decision of the Commissioner.  Tr. 1.  Plaintiff timely filed a Complaint in this Court seeking judicial review of the Commissioner's final decision.  Doc. 1.

## II. APPLICABLE LAW

**A.    Disability Determination Process**

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  "Substantial work activity is work

---

[3] The hearing was conducted telephonically due to the COVID-19 Pandemic.  Tr. 15.

[4] Ms. Martone also represents Plaintiff in the instant proceeding.  Doc. 1 at 3.

activity that involves doing significant physical or mental activities," even when it is performed less often, for less money, or with less responsibility, than in the past.  20 C.F.R. § 404.1572(a). "Gainful work activity is work activity" done "for pay or profit. . . . [I]t is the kind of work usually done for pay or profit, whether or not a profit is realized."  20 C.F.R. § 404.1572(b).  To determine whether an individual satisfies the statutory criteria, the Commissioner has adopted the familiar five-step sequential analysis as follows:

> (1) At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."  If the claimant is engaged in substantial gainful activity, he is not disabled regardless of his medical condition.
>
> (2) At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s).  If the claimant does not have impairment(s) or a combination of impairments that is severe and meets the duration requirement, he is not disabled.
>
> (3) At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement.  If so, a claimant is presumed disabled.
>
> (4) If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform his "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996).  First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [his physical and mental] limitations."  20 CFR § 404.1545(a)(1).  This is called the claimant's residual functional capacity ("RFC").  *Id.* § 404.1545(a)(3).  Second, the ALJ determines the physical and mental demands of a claimant's past work.  Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands.  A claimant who is capable of returning to past relevant work is not disabled.
>
> (5) If the claimant does not have the RFC to perform his past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience.  If the Commissioner is unable to make that showing, the claimant is deemed disabled.  If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).  The

3

claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n. 5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Hum. Serv.*, 933 F.2d 799, 801 (10th Cir. 1991).

**B.**     **Standard of Review**

The Court reviews the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamlin*, 365 F.3d at 1214 (internal quotation marks and citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (internal quotation marks and citation omitted). Likewise, "[e]vidence is not substantial if it . . . constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

"The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). The reasons underlying the ALJ's decision must be "articulated with sufficient particularity to allow for judicial review." *Gorian v. Colvin*, 180 F. Supp. 3d 863, 868 (D.N.M. 2016). Further, the ALJ's decision must "apply the correct legal standard" and supply "a sufficient basis to determine that appropriate legal standards have been followed." *Byron v.*

4

*Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984) (internal quotation marks and citation omitted). The Court does not "reweigh the evidence" or impose its judgment in place of the Commissioner's. *Hamlin*, 365 F.3d at 1214 (internal quotation marks and citation omitted).

### III. ANALYSIS

The ALJ made her decision that Plaintiff was not disabled at step five of the five-step sequential evaluation. *See* Tr. 23. She determined that Plaintiff had not engaged in substantial gainful activity since the date of his SSI application. Tr. 17. She found that Plaintiff's severe impairments were: an adjustment disorder, anxiety, attention deficit hyperactivity disorder, bipolar disorder, depression, insomnia, and posttraumatic stress disorder. Tr. 17. She further found that Plaintiff had a mild limitation "[i]n understanding, remembering, or applying information," a marked limitation "[i]n interacting with others," and a moderate limitation in "concentrating, persisting or maintaining pace" and "adapting or managing oneself." Tr. 18-19. The ALJ determined that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C[.]F[.]R[.] Part 404, Subpart P, Appendix 1." Tr. 18. Accordingly, the ALJ proceeded to step four and found that Plaintiff had the RFC

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can perform detailed, but not complex work; can occasionally interact with supervisors and co-workers, but can have no interaction with members of the public; can make simple work-related decisions in a workplace with few changes in the routine work setting; and can remain on task for two hours at a time. However, he is unable to perform assembly line production work and should avoid exposure to unprotected heights and hazardous machinery.

Tr. 19-20. The ALJ further found that Plaintiff "ha[d] no past relevant work" that he could perform, and thus proceeded to step five, where she found, based on the VE's testimony and after consulting the Dictionary of Occupational Titles ("DOT") that three occupations "exist in significant numbers in the national economy" that Plaintiff could fill:

- a store laborer,[5] DOT Code 922.687-058, with approximately 395,000 such jobs existing in the national economy; or . . .
- a laundry laborer,[6] DOT Code 361.684-018, with approximately 211,000 such jobs existing in the national economy; and . . .
- a kitchen helper,[7] DOT Code 318.687-010, with approximately 512,000 such jobs existing in the national economy.

Tr. 23. Therefore, the ALJ concluded that Plaintiff was not disabled under the Act. Tr. 23-24.

As the basis for his motion, Plaintiff argues broadly that the ALJ improperly crafted his RFC. Doc. 19 at 5. Specifically, Plaintiff posits a claim of error centered on his mental impairments. He argues that "[t]he ALJ failed to consider properly the impact of the marked limitation[s] and moderate limitations in [his] mental abilities" in crafting the RFC. Doc 19 at 6. As to the first aspect of his argument, Plaintiff contends that "[t]he RFC does not properly account for [his] marked limitations in interacting with others" because it "allows for occasional interaction with supervisors and co-workers, but no interaction with the public." Doc. 19 at 6 (citing Tr. 19). As to the second, Plaintiff contends that "the RFC made no connection to [his] moderate limitations" "in concentrating, persisting, and maintaining pace" because it "provid[es] that [he] could continue to remain on task for two hours at a time." Doc. 19 at 9 (citing Tr. 19-20). The Commissioner responds that Plaintiff's position is nothing more than the facts found by the ALJ, which are supported by substantial evidence, and thus render her decision "free from reversible error." Doc. 23 at 1, 6, 12.

The Court begins its discussion first by setting out the legal standard applicable to the ALJ's assessment of Plaintiff's RFC, and then offers a review of the degrees of severity of limitations from mental impairments and related legal principles. It proceeds to discuss the

---

[5] 1991 WL 688132 (Jan. 1, 2016) ("Laborer, Stores").

[6] 1991 WL 672984 (Jan. 1, 2016) ("Spotter I").

[7] 1991 WL 672755 (Jan. 1, 2016) ("Kitchen Helper").

particulars of Plaintiff's claim of error, addressing only his argument concerning his marked limitation in interacting with others. Finding that this argument is well-supported, the Court does not address his remaining contention. *See Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003) (declining to reach "remaining issues raised by [the claimant] because they may be affected by the ALJ's treatment of [the] case on remand"); *Wagner v. Lacy*, Nos. 12-CV-817, 12-CV-547, 2013 WL 12328852, at *3 (D.N.M. Nov. 18, 2013) (noting that the Court need not address issues unnecessary for the resolution of a motion).

A.   **Legal Standards**

1.   *RFC Assessment*

A claimant's "RFC is an administrative finding of what an individual can do despite his or her limitations." *Spicer v. Barnhart*, 64 F. App'x 173, 175 (10th Cir. 2003). The "ALJ's RFC [assessment must] be based on the entire case record, including the objective medical findings and credibility of the claimant's subjective complaints." *Poppa v. Astrue*, 569 F.3d 1167, 1170-71 (10th Cir. 2009). In assessing a claimant's RFC, "the ALJ must consider the combined effect of all of the claimant's medically determinable impairments, whether severe or not severe." *Wells v. Colvin*, 727 F.3d 1061, 1065 (10th Cir. 2013) (emphasis omitted); *see also* 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2). This assessment must be "based on all of the relevant and other evidence" in the record. C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). "If the RFC assessment conflicts with an opinion from a medical source, the ALJ must explain why the opinion was not adopted." *Sullivan v. Colvin*, 519 F. App'x 985, 988 (10th Cir. 2013) (alterations omitted) (quoting Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *7 (July 2, 1996)).

Further, "the ALJ's RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence."

*Wells*, 727 F.3d at 1065 (omission and internal quotation marks omitted) (quoting SSR 96-8p, 1996 WL 374184, at *7).  When the ALJ fails to provide a narrative discussion describing how the evidence supports each conclusion with citations to specific medical facts and nonmedical evidence, the Court will conclude that his RFC assessment is not supported by substantial evidence.  *See Southard v. Barnhart*, 72 F. App'x 781, 784-85 (10th Cir. 2003).  The ALJ's decision must be sufficiently articulated so that it is capable of meaningful review.  *Spicer*, 64 F. App'x at 177-78.

      2.    *Limitations from Mental Impairments*

A claimant's limitations from mental impairments are evaluated on a five-point rating scale, ascending in severity: "none, mild, moderate, marked, and extreme."  20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(F)(2).

> [A] mild limitation signifies only slightly limited functioning on a sustained basis, while a moderate limitation exits where a claimant's functioning on a sustained basis is only fair.  Beyond that, a marked limitation in an ability exists when a claimant's functioning in [an] area independently, appropriately, effectively, and on a sustained basis is seriously limited.  While not as severe as an extreme limitation, which indicates that the claimant is wholly unable to perform an ability on a sustained basis . . . a marked limitation is serious enough that a claimant who is markedly limited in an ability cannot usefully perform or sustain the activity in question.

*Jaramillo v. Saul*, No. 19-CV-488, 2020 WL 6781789, at *4 (D.N.M. Nov. 18, 2020) (internal quotation marks and citation omitted).  "[T]he key consideration when determining whether an RFC properly accounts for a claimant's limitations is whether or not that RFC permits the claimant to perform the abilities in question despite the established limitations." *Id.* at *5.

**B.**     **The RFC Crafted by the ALJ Does Not Adequately Account for Plaintiff's Marked Limitation in Interacting with Others**

While the Commissioner discusses the objective medical evidence in the record at length, as well as Plaintiff's subjective complaints of symptoms stemming from his mental impairments

and related lay evidence, because the ALJ's use of this evidence in finding the limitations from Plaintiff's mental impairments is not at issue, the Court avoids undue recitation of that evidence here.  Doc. 23 at 2-4, 6-11.  And, in any event, such evidence is largely inapposite, as "there is no requirement . . . for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).  Indeed, Plaintiff does not quarrel with the ALJ's finding that he has a marked limitation in interacting with others, the limitation from mental impairments at issue here.  *See* Doc. 19 at 5-11.  Rather, the issue he presents concerns only the ALJ's consideration of this limitation in crafting his RFC: "[T]he ALJ failed to explain how marked limitations in interaction allows . . . [Plaintiff] to occasionally interact with supervisors and co-workers, when the record supports that he cannot perform those activities on a sustained basis and would therefore be unable to work."  Doc. 19 at 6-8.  This argument is meritorious.

The ALJ, relying on the objective medical evidence in the record and Plaintiff's subjective complaints of his symptoms, offered the following discussion in support of her assessment that Plaintiff had marked limitations in interacting with others:

> On June 3, 2019, Dr. Owen opined that . . . [Plaintiff] has moderate-to-marked limitations in his ability to interact with the public, co-workers, and supervisors.  On May 29, 2019 and August 30, 2019, . . . [Plaintiff] advised that he has difficulty getting along with family, friends, neighbors, authority figures, and others due to his mental symptoms.  On June 6, 2019 and October 1, 2019, the state agency psychological/psychiatric consultants, Dr. Sorensen and Dr. Varghese, respectively, opined that . . . [Plaintiff] has moderate limitations in this area of functioning.  Ms. Steward advised that . . . [Plaintiff] struggled with authority.

Tr. 18 (internal citations omitted).  Relatedly, at the hearing, the ALJ inquired of the VE as follows: "If [an] individual was unable to respond appropriately to supervisors or coworkers would that affect competitive employment?"  The VE responded, "[y]es, that would eliminate competitive employment."  Tr. 62.

The "ALJ, having assessed certain mental limitations . . . , is required either to include corresponding limitations in the RFC assessment or to explain the omission." *Willie v. Saul*, No. 19-CV-329, 2020 WL 2065286, at * 4 (D.N.M. Apr. 29, 2020) (alterations, emphases, internal quotation marks, and citation omitted). As the Tenth Circuit has explained, merely identifying the limitations that stem from a claimant's mental impairments without tailoring the RFC to account for them or offering discussion of their omission is inadequate, and provides grounds for reversal:

> [T]he ALJ found that [claimant]'s depression was a medically determinable impairment resulting in mild limitations in certain areas of functioning. . . . But, the RFC did not include any mental limitations, and the ALJ never explained why he chose not to include any mental limitations in the RFC, despite his previous assessment of mild limitations. . . . [W]e cannot sustain the Commissioner's decision.

*Farrill v. Astrue*, 486 F. App'x 711, 713 (10th Cir. 2013); *see Marin v. Colvin*, No. 14-CV-1331, 2015 WL 4999955, at *3 (D. Colo. Aug. 24, 2015) ("Though, in *Farrill*, the unexplained absence of that claimant's mild mental limitations from the claimant's RFC was just one of the ALJ's deficiencies that warranted reversal, such a failure is sufficient to warrant reversal even in the absence of other deficiencies."); *see also, e.g.*, *Carnahan v. Berryhill*, No. 17-CV-2236, 2018 WL 5729381, at *3 (D. Colo. Nov. 2, 2018) ("On remand . . . the ALJ must explain why she chose not to include any mental limitations in [claimant]'s RFC despite her previous finding of mild limitations."); *Leyba v. Berryhill*, No. 17-CV-667, 2018 WL 2089359, at *3-*4 (D.N.M. May 4, 2018) ("With no mental limitation included in the RFC assessment and no explanation for the omission, the [c]ourt finds that the correct legal standards were not applied. . . . Therefore, remand is warranted to revisit [claimant]'s mental impairment(s)."); *Baska v. Colvin*, No. 12-2145-SAC, 2013 WL 4549181, at *7-*8 (D. Kan. Aug. 28, 2013) ("The court . . . must

10

remand for further proceedings concerning the effect of [claimant]'s medically determinable mental impairments on his RFC.").

In the instant case, the ALJ did not heed this requirement. Rather, as Plaintiff contends, after finding that Plaintiff had a marked limitation in interacting with others, the ALJ crafted an RFC, outlined in its entirety above, that provides for occasional[8] interaction with supervisors and co-workers. Tr. 18-19. This is improper. An RFC restriction to occasional conduct does not sufficiently reflect a marked limitation in the ability to interact with others. *See Jaramillo*, 2020 WL 6781789, at *7 (noting that "the weight of binding and persuasive authority" cuts against "the proposition that an RFC restriction for 'limited' or 'occasional' conduct adequately accounts for a marked limitation in the relevant ability"). And, as noted above, while a limitation in ability may be properly omitted from the RFC if that omission is explained by the ALJ, *see Willie*, 2020 WL 2065286, at * 4, the Commissioner does not cite, and the Court cannot otherwise locate, where in the ALJ's decision she offered a reason for excluding Plaintiff's marked limitation in interacting with others from the RFC. For these reasons, the Court concludes that the ALJ erred in crafting Plaintiff's RFC.

## IV. CONCLUSION

In light of the foregoing, the decision of the ALJ is **REVERSED**, and the case **REMANDED** for further proceedings.

**IT IS SO ORDERED.**

*[signature]*

JOHN F. ROBBENHAAR
United States Magistrate Judge,
Presiding by Consent

---

[8] "'Occasionally' means occurring from very little up to one-third of the time." SSR 83-10, 1983 WL 31251, at *5 (Jan. 1, 1983).